relation of Charles Ingersoll, against Isaac E. Smith and others, as trustees, etc., of St. Johnsville & Union Mills.

PER CURIAM. Determination confirmed, with $50 costs and disbursements.

HOWARD, J., dissents.

PEOPLE ex rel. KALCHEIM, Appellant, v. WARDEN OF CITY PRISON, Respondent. (Supreme Court, Appellate Division, Second Department. June 6, 1913.) Proceeding by the People of the State of New York, on the relation of Rose Kalcheim, against the Warden of the City Prison. No opinion. Motion to dismiss appeal granted.

PEOPLE ex rel. KING, RICE & GANEY CO., Appellant, v. PRENDERGAST, Comptroller, Respondent (two cases). (Supreme Court, Appellate Division, First Department. June 20, 1913.) Proceeding by the People of the State of New York, on the relation of the King, Rice & Ganey Company, against William A. Prendergast, as Comptroller, etc. C. V. Pallister, of New York City, for appellant. T. Farley, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

PEOPLE ex rel. KINGS COUNTY LIGHTING CO. v. PUBLIC SERVICE COMMISSION. (Supreme Court, Appellate Division, First Department. June 20, 1913.) Proceeding by the People of the State of New York, on the relation of the Kings County Lighting Company, against the Public Service Commission. No opinion. Motion granted; questions certified to be settled on settlement of order, which may be noticed for July 8th.

PEOPLE ex rel. KOTTEMAN v. WALDO, Police Com'r. (Supreme Court, Appellate Division, Second Department. June 27, 1913.) Proceeding by the People of the State of New York, on the relation of Frederick R. Kotteman, against Rhinelander Waldo, as Police Commissioner of the City of New York. No opinion. Determination confirmed, with $50 costs and disbursements.

PEOPLE ex rel. MASSOLLES et al., Appellants, v. HENNESSY et al., Board of Assessors, Respondents. (Supreme Court, Appellate Division, Second Department. June 13, 1913.) Proceeding by the People of the State of New York, on the relation of Frederick Massolles and another, against Joseph P. Hennessy and others, composing the Board of Assessors of the City of New York. No opinion. Order affirmed, with $10 costs and disbursements, as matter of law, and not in the exercise of discretion.

PEOPLE ex rel. MITCHELL v. SOHMER, State Comptroller. (Supreme Court, Appellate Division, Third Department. June 9, 1913.) Appeal from Special Term. Application for mandamus by the People of the State of New York, on the relation of John Mitchell, against William Sohmer, Comptroller of the State of New York, to compel the defendant to issue a warrant upon the State Treasurer for his salary as Commissioner of Labor of the State. From an order denying the application, relator appeals. Affirmed. Herrick & Herrick, of Albany (D. Cady Herrick, of Albany, of counsel), for appellant. Thomas Carmody, Atty. Gen., and J. A. Kellogg, Deputy Atty. Gen., for respondent.

PER CURIAM. Order affirmed, without costs, as matter of law, and not as a matter of discretion.

WOODWARD, J. (dissenting). I dissent. It seems to me that the meaning of the statutes under consideration as applicable to this case is clear. Williams' term of office expired December 31, 1912. Thereafter in pursuance of law the Governor sent to the Senate the name of a person to fill the vacancy "deemed to exist" for the purpose of filling the office. The Senate rejected the nomination. This performance was repeated, and the Senate adjourned, leaving Williams the actual incumbent of the office and the Senate in recess. Under this situation the Governor was powerless on his own motion to terminate the official life of the incumbent and appoint a successor. This the Governor has not done or sought to do. The holdover then resigned and left the office without an incumbent, or any deputy to place in charge, who could perform all the duties imposed by law upon the commissioner. So an actual vacancy existed; not a qualified or constructive one. That vacancy was not created by the expiration of Williams' term of office, but by his act of resignation. The Senate was not in session when this vacancy was created. A new duty confronted the Governor, and he properly discharged it by filling the vacancy thus created. I vote to reverse the order.

HOWARD, J., concurs with WOODWARD, J.

PEOPLE ex rel. NEW YORK, B. & M. B. RY. CO. et al. v. PRENDERGAST, Comptroller et al. (Supreme Court, Appellate Division, Second Department. July 25, 1913.) Proceeding by the People of the State of New York, on the relation of the New York, Brooklyn & Manhattan Beach Railway Company and the Long Island Railroad Company, against William A. Prendergast, as Comptroller, and others, in which John Williams, Commissioner of Labor, etc., intervened. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. WOODBURY et al. (Supreme Court, Appellate Division, Third Department. July 8, 1913.) Proceeding by the People of the State of New York, on the relation of the New York Central & Hudson River Railroad Company, against Egbert E. Woodbury and others, State Board of Tax Commissioners, in which the City of Buffalo intervened. No opinion. Order modified, by excluding Austin street from the assessment, and, as modified, affirmed, without costs.

PEOPLE ex rel. NEW YORK EDISON CO. v. McCALL et al. (Supreme Court, Appellate Division. First Department. July 10, 1913.)